IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLEEN HOLTER,

                    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

ORDER

14-cv-795-jdp

---

Plaintiff Carleen Holter seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding her not disabled as defined in the Social Security Act. The court heard oral argument in this case on December 3, 2015. For reasons discussed during the hearing and summarized here, the court will deny Holter's motion and affirm the Commissioner's decision.

With her reply brief, Holter submitted a letter purporting to explain certain evidence of record. The court granted the Commissioner's motion to strike, Dkt. 14, for reasons discussed during oral argument. Holter's attempted additions to the record were untimely because she did not offer the documents until she submitted her reply brief, and she did not raise her concerns with the Appeals Council.

Turning to the substantive issue before the court, the record strongly suggests that Holter's kidney disease progressed to the point that it became disabling in 2012 or 2013, well after her date last insured, December 31, 2011. Thus, the issue before the ALJ, and here, is whether Holter can sustain her burden to show that she was disabled prior to that date.[1] SSR

---

[1] Holter applied for a period of disability and disability insurance benefits. R. 42. Record cites are to the administrative transcript, located at Dkt. 7.

83-20 provides that for "disabilities of nontraumatic origin," the ALJ should consider three factors when determining the date of onset: (1) the claimant's allegations; (2) the claimant's work history; and (3) any other evidence concerning impairment severity. Holter relies exclusively on her testimony, and that of her husband, concerning the severity of her impairments in December 2011. Accordingly, the court's decision comes down to the ALJ's credibility determination.

Holter contends that the ALJ erroneously discounted her testimony concerning her symptoms on the alleged onset date. The court "will only overturn the ALJ's credibility determination if it is patently wrong, which means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014), *as amended*, (Aug. 20, 2014), *reh'g denied*, (Oct. 10, 2014). The court affords the ALJ's credibility determination deference because the ALJ is in the unique position to hear, see, and assess witnesses. *Id.* at 815 (citing *Shideler v. Astrue,* 688 F.3d 306, 311 (7th Cir. 2012)). However, the credibility analysis "must contain specific reasons" and "be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008).

The ALJ identified several pieces of evidence that undermined Holter's credibility. R. 45-46. Although the ALJ's discussion of Holter's bow hunting would have been clearer with further explanation, the ALJ gave several other satisfactory reasons to discredit Holter. For example, Holter was evasive when the ALJ pressed her on her testimony concerning how much she spent on cigarettes each month. R. 75. This testimony revealed that Holter was not entirely truthful, and it undermined her credibility. Relatedly, Dr. Nolan's records stated that Holter had no interest in quitting smoking in late 2011. R. 286-87. Although ALJs are limited in how they may use a claimant's failure to quit smoking to discount her credibility,

*see Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000), the ALJ's consideration of this evidence in assessing Holter's credibility was proper. Evidence in the record indicates that Holter *did* reduce her smoking and then quit later, when her kidney disease had gotten worse. The ALJ was not patently wrong to use this evidence to discredit Holter's testimony that her kidney disease was disabling in December 2011. The ALJ also cited medical records that stated that Holter had been running several months after her alleged disability onset date. R. 304. Although Holter attempts to explain that these records were somehow mistaken (through the untimely submission that I have stricken), nothing in the medical record is ambiguous or otherwise suggests that Holter had not been running (and losing significant weight as a result) in July 2012. This record directly undermined Holter's testimony concerning constant and severe fatigue. Most important, the ALJ cited Dr. Nolan's records that, aside from some episodic shoulder pain, Holter had been active and feeling well in December 2011. R. 292. Holter's own contemporaneous medical records directly contradict Holter's testimony that she was totally disabled in December 2011.

The ALJ gave several sound reasons for discrediting Holter's testimony. The ALJ's determination was not patently wrong, and the court will affirm the decision.

ORDER

IT IS ORDERED that Dkt. 14 is granted, and that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is AFFIRMED and plaintiff's appeal is DISMISSED.

The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered December 4, 2015.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge